## DeSito v. DeSito

*Legal Services, Inc.,* for plaintiff.
No appearance for defendant.

RAMBO, *J.*, January 11, 1977 — The complaint in divorce in the above captioned matter was filed on March 23, 1976. The complaint in divorce was mailed to defendant on March 24, 1976, by certified mail, restricted delivery, to the Orange County Prison, 550 North Flower Street, Santa Ana, Calif. The certified letter was returned marked, "Return to Sender."

On March 24, 1976, an inquiry was sent to Jock Ames, Rt. 100, Plymouth, Vt., 05056, he being a person presumed to know the whereabouts of defendant. Mr. Ames sent a reply indicating he had no knowledge of defendant's residence.

Since the defendant had an alias, i.e., Sidito, a true copy of the complaint was mailed to Anthony Sidito, Orange County Prison, 550 North Flower Street, Santa Ana, Calif. by certified mail, restricted delivery.

The returned receipt card covering the April 1, 1976, mailing was signed "R. P. Long" Orange County Sheriff, and dated April 5, 1976.

On May 12, 1976, plaintiff's attorney, Legal Services, requested of the Orange County Sheriff that he have defendant sign the return receipt card personally and comply with Pa. R.C.P. 1124. This was not done.

On June 18, 1976, Legal Services of Cumberland County requested the Legal Aid Society of Orange County to send an attorney to the prison to obtain the signature of defendant. This request was refused.

On October 4, 1976, the complaint was reinstated and sent to the Sheriff's Office of Cumberland County. The Sheriff made a return of "not found" on December 8, 1976.

A true copy of the complaint was mailed, certified, restricted delivery, to defendant at Box W, Represa, Calif. on October 19, 1976. The return receipt card was received, signed "W. J. Keane," Correctional Officer, dated October 22, 1976.

On November 19, 1976, plaintiff filed an affidavit of service pursuant to Pa. R.C.P. 1124(b)(2) and (3). In the affidavit plaintiff erroneously stated that the Sheriff's return of "not found" was November 3, 1976. The Sheriff's docket, in fact, shows the return date of December 8, 1976.

In light of the above, the mailing of the true copy by certified mail on October 19, 1976, was premature as was the filing of the affidavit on November 19, 1976. Sections (b)(1)(2) and (3) of Pa. R.C.P. 1124 do not take effect until the Sheriff has made his return of "not found" under Pa. R.C.P. 1124(b).

On December 14, 1976, plaintiff filed a petition for a divorce hearing. In light of the above, this also was premature and the court lacks jurisdiction to hear the case at this time.

## ORDER

And now, January 11, 1977, for the reasons set forth in the opinion filed this date, plaintiff is granted leave to mail a true copy of the complaint, certified mail, restricted delivery, to defendant's last known address and to file a new affidavit under Pa R.C.P. 1124(b)(2) and (3).

It is further ordered that the affidavit have attached to it as exhibits copies of all notices, correspondence, return receipts and returned letters which the previous affidavit failed to include.